UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ARMANDO AGUILAR MORALES**, on behalf of himself and his minor daughter J.J.A.R., and **PEDRO RAMOS PEREZ** on behalf of himself and his minor son F.R.I.,    Plaintiffs, | § § § § § § | |
| v. | § § | EP-23-CV-00247-KC |
| **UNITED STATES OF AMERICA**,    Defendant. | § § § | |

**DEFENDANT'S OPPOSED MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY AND SCHEDULING ORDER RECOMMENDATIONS**

## **STATEMENT OF ISSUES**

1. Whether the Court should stay discovery and the requirement for the parties to submit scheduling recommendations pending resolution of Defendant's Motion to Dismiss.

**I.    INTRODUCTION**

Defendant United States of America hereby files this Opposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations, pursuant to Federal Rule of Civil Procedure 26(c) and in support thereof, would show the Court the following:

**II.    PROCEDURAL BACKGROUND**

1. On June 28, 2023, Plaintiffs filed their Original Complaint. ECF No. 1. Plaintiffs assert their claims against Defendant United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). *Id.*

2. On October 2, 2023, Defendant filed a Unopposed Motion for Leave to File Dispositive Motion in Excess of Twenty Pages. ECF No. 12. Defendant's Motion to Dismiss was accepted for filing on October 3, 2023. ECF No. 13.

3. Defendant United States respectfully requests the Court stay discovery together with the requirements to submit scheduling recommendations, until the Court has an opportunity to consider and rule on the defenses raised by the United States.

**III.    ARGUMENT AND AUTHORITIES**

The control of discovery "is committed to the sound discretion of the trial court" and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986); *see also Angus Chemical Co. v. Glendora Plantation, Inc.*, 14-30416, 2015 WL 1344545, at *3 (5th Cir. Mar. 24, 2015) (discovery rulings reversed only where they are arbitrary or clearly unreasonable).

A ruling on a motion to stay is a matter of judgment which is reviewed under the abuse of discretion standard. *Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014). It is not an abuse of discretion to grant a motion to stay discovery pending a dispositive motion

presenting a question of law, where discovery would not be necessary for the resolution of the pending motion. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citation omitted). "[It is] wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." *Id*. (citing *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)).

"A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)). *See also United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"), and *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "It is to be presumed that a cause lies outside [federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). This burden is a heavy one. *See Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be lightly inferred.").

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). Plaintiffs asserts that their cause of action arises under the FTCA. ECF No. 1, p. 1. It is well-settled that the FTCA is a limited waiver of sovereign immunity and permits suit only on terms and conditions strictly prescribed by Congress. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

One limitation on a court's subject matter jurisdiction under the FTCA is the discretionary function exception, 28 U.S.C. § 2680(a). *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993).

2

In its Motion to Dismiss, Defendant United States has established that Plaintiffs' claims are barred by the FTCA's discretionary function exception. Further, as demonstrated in the United States' motion, the Court lacks subject matter jurisdiction over Plaintiffs' claims that are barred by the FTCA's exception for actions taken while reasonably executing the law, 28 U.S.C. § 2680(a). Moreover, the Court lacks subject matter jurisdiction because there is no private person analogue to the governmental conduct challenged by Plaintiffs. Finally, as demonstrated in the United States' motion, Plaintiffs failed to state a claim under Texas law for intentional infliction of emotional distress and negligence. ECF No. 13.

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate a claim. It is a defense to the burdens of litigation, not just the burdens of liability." *Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987). "Until the threshold immunity question is resolved, discovery should not be allowed." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.").

Therefore, until this Court has had an opportunity to consider Defendant United States' motion, the United States respectfully requests that no discovery be allowed to proceed, and the requirements of Rule 26 also be stayed.

### IV.     CERTIFICATE OF CONFERENCE

Counsel for the United States hereby certifies that he has conferred with counsel for Plaintiffs on the relief requested in this motion. Counsel for Plaintiffs have expressed a general non-opposition to Defendant's motion but have requested the production of certain documents notwithstanding a stay of discovery. Defendant agencies are currently considering Plaintiff's

request. However, because Defendant agencies were unable to provide a response prior to the filing of this motion, Plaintiffs are opposed to the relief requested.

## V.   CONCLUSION

Defendant United States prays that its Motion for Protective Order to Stay Discovery and Scheduling Order Recommendations be in all things granted, that discovery in this cause of action be stayed until this Court has had an opportunity to consider and rule on the United States' Motion to Dismiss, and for any further relief to which it may be justly entitled.

Respectfully submitted,

**JAIME ESPARZA**
UNITED STATES ATTORNEY

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney
Texas Bar No. 24046785
Email: Angelica.Saenz@usdoj.gov
**MANUEL ROMERO**
Assistant United States Attorney
Texas Bar No. 24041817
Email: Manuel.Romero@usdoj.gov
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Christopher Benoit, Coyle & Benoit PLLC and Julie R. Ulmet, The Law Offices of Julie R. Ulmet, *Attorneys for Plaintiffs*.

/s/ Angelica A. Saenz
**ANGELICA A. SAENZ**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ARMANDO AGUILAR MORALES, on behalf of himself and his minor daughter J.J.A.R., and PEDRO RAMOS PEREZ on behalf of himself and his minor son F.R.I.,** §§§§§§ | | |
| Plaintiffs, § | | |
| § | | |
| v. § | EP-23-CV-00247-KC | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| Defendant. § | | |

# ORDER

CAME ON TO BE CONSIDERED, Defendant United States of America's Opposed Motion for a Protective Order to Stay Discovery and Scheduling Recommendations in the above-styled and numbered cause, and the Court having considered the Motion, is of the opinion that it should be **GRANTED.**

IT IS, THEREFORE, ORDERED that the Motion for a Protective Order to Stay Discovery and Scheduling Order Recommendations is granted and that this cause be stayed and all further proceedings be abated until further ordered by the Court.

SIGNED on this ____ day of _____, 2023.

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**