IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ARMANDO AGUILAR MORALES on his own and on behalf of his minor daughter J.J.A.R. and PEDRO RAMOS PEREZ on behalf of himself and his minor son F.R.I<br><br>    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | §§§§§§§§§§§§§§     Case No. 3:23-CV-00247-KC |

## REPORT OF GUARDIAN AD LITEM

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, **Alexander V. Neill**, Guardian Ad Litem, and files this his report to the Court, and would respectfully show the Court as follows:

### FACTUAL BACKGROUND:

1.    On June 28, 2023, Plaintiff ARMANDO AGUILAR MORALES on his own and on behalf of his minor daughter J.J.A.R. (the "Aguilar Plaintiffs") filed a Complaint against the United States of America (hereinafter "Defendant") seeking relief under the Federal Tort Claims Act.  The Aguilar Plaintiffs alleged, *inter alia*, that Defendant was liable for the forcible removal of J.J.A.R. from her father ARMANDO AGUILAR MORALES after he attempted to enter the United States without proper documentation.  The Aguilar Plaintiffs alleged that they suffered from intense trauma, emotional suffering and harm and continuing emotional distress as a result of the forcible removal of J.J.A.R. and her subsequent placement in a Office of Refugee Resettlement ("ORR") approved facility.

2. On October 3, 2023, Defendant filed a Motion to Dismiss Aguilar Plaintiff's claims under Federal Rule of Civil Procedure Rule 12(b)(6) asserting, *inter alia*, (1) that the Court lacked subject matter jurisdiction to hear the claims and (2) Aguilar Plaintiffs failed to state a claim under the Federal Tort Claims Act ("FTCA"). Defendant's Motion to Dismiss, if granted, would be fatal to all of Aguilar Plaintiff's claims against the Defendant. On November 14, 2023, Aguilar Plaintiffs filed their opposition to the Defendant's Motion to Dismiss. Generally, the opposition asserts that the Court does have subject matter jurisdiction over Aguilar Plaintiffs' claims and multiple arguments opposing Defendant's requested relief. Defendant's Motion to Dismiss is pending a decision by this Court.

3. The Aguilar Plaintiffs and the Defendant have reached a tentative agreement to resolve the pending claims before the Court. Pursuant to Fed. R. Civ. P. 17(c), the Court appointed the undersigned counsel as guardian ad litem to review the proposed settlement and make a recommendation whether the proposed settlement is fair and whether the settlement structure is in the best interest of J.J.A.R..

4. In preparing this report, the Guardian ad Litem reviewed the following documents (1) Plaintiff's Original Complaint (ECF Doc. 1), (2) Defendant's Motion to Dismiss (ECF Doc. 13), (3) Aguilar Plaintiff's Opposition to Motion to Dismiss (ECF Doc. 24), (4) a proposed Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Settlement Proposal"), (5) a portion of Form I213 detailing the circumstances of the apprehension of Armando Aguilar Morales and J.J.A.R. by United States Custom and Border Enforcement ("CBP"), (6) a copy of the Legacy Enhancement Minors Master Pooled Trust Agreement (the "Trust Agreement"), (7) an informational document regarding Legacy Enhancement Trusts for Minors prepared by Legacy Enhancement, (8) a Combined Account Portfolio Snapshot for the Legacy Enhancement Trust (the "Account Portfolio"), (9) a Stipulation for Compromise

Settlement and Release entered in Cause No. 20 Civ. 5747, styled D.J.C.V., a minor child and G.C., his father v. United States of America entered in the United States District Court for the Southern District of New York on April 2, 2024, and (10) Plaintiff's Motion for Court Approval of Settlement of Minor's Claims. In addition to the review of the documents stated above, the Guardian ad Litem spoke with Armando Aguilar Morales, the father of J.J.A.R. and Christopher Benoit, counsel of record for the Aguilar Plaintiffs. Based on the review of the documents and based on information provided by Mr. Morales and Mr. Benoit, the Guardian ad litem respectfully makes the following recommendation to the Court.

### RECOMMENDATION:

3. For the reasons stated below, the Guardian ad Litem recommends that the Court approve the Proposed Settlement and the proposed settlement structure as they are both in the best interest of J.J.A.R.

4. The Proposed Settlement calls for a payment of One hundred thousand dollars ($100,000.00) payable to the Aguilar Plaintiffs. Pursuant to 28 U.S.C. § 2678, attorney's fees shall not exceed twenty five percent (25%) of the settlement amount. In addition, proportional amount of expenses incurred during the course of litigation, $330.00, will be reimbursed to Plaintiff's counsel. Accordingly, the net amount payable to the Aguilar Plaintiffs will be $74,740.00. The Parties have agreed to split the net amount of the settlement as follows: 65% ($48,535.00) to Mr. Aguilar and 35%. ($26,134.50) to J.J.A.R. The Proposed Settlement provide that the Aguilar Plaintiffs and their attorneys are responsible for structuring the settlement. Counsel for the Aguilar Plaintiffs have indicated their intention to deposit J.J.A.R.'s settlement proceeds into a pooled trust managed by Legacy Enhancement. The reason for this decision is the uncertainty as to where J.J.A.R. will be residing when she reaches the age of eighteen (18). The settlement funds will be managed by Legacy

Enhancement until J.J.A.R. reaches the age of eighteen (18), at which time the trust will terminate and she will receive the balance of the proceeds. Per the terms of the Trust Agreement, the trustee has the discretion to make distributions to J.J.A.R. for her health, education, maintenance and support while the funds are held in trust. According to counsel for the Aguilar Plaintiffs, Legacy Enhancement has handled numerous settlements for families that have settled claims with the federal government, including families in foreign jurisdiction. Legacy Enhancement will provide J.J.A.R. with a dedicated trust officer, fluent in Spanish and familiar with wiring funds outside of the United States. This will allow Mr. Aguilar to request distributions from the Trust for the health, education, maintenance and support of J.J.A.R. until she reaches the age of eighteen (18). Counsel for Plaintiffs has indicated that they explored other alternatives, including a structured settlement that would pay into the trust at ages eighteen (18) and twenty (20). Such a settlement could provide guaranteed gains. Ultimately, Internal Revenue Service guidelines do not allow for this type of structured settlement as J.J.A.R. did not suffer physical injuries as part of her claims against the Defendant. The settlement proceeds could be paid into the Registry of the Court. However, that would not allow any access to the funds for J.J.A.R. while she is a minor. Further, there is significant uncertainty as to whether J.J.A.R. will be able to have easy access to the money in El Paso, Texas when she reaches the age of eighteen (18).

5. The amount of the settlement payable to the Aguilar Plaintiffs and the proposed split of the settlement proceeds are fair and reasonable. At the outset, it should be noted that a Motion to Dismiss all of the Aguilar Plaintiff's claims is pending before this Court. Even if the Court denies the Motion to Dismiss, Aguilar Plaintiffs face the uncertainty of additional litigation and potential appeals and a potential change in the presidential administration that could negatively impact FTCA claims against the federal government involving forced separation of minor children. In addition, according to counsel for Aguilar Plaintiffs, the Aguilar Plaintiffs have additional facts that mitigate the amount of a

potential recovery. As an example, a lawsuit with similar mitigating facts in the Southern District of New York resulted in a settlement of $65,000, $35,000 less than the recovery in the Settlement Proposal. Finally, the proposed split between Mr. Aguilar and J.J.A.R. is also fair and reasonable. In speaking with Mr. Aguilar, he proposed the split and intends to use his settlement proceeds to purchase land for the benefit of his family in his native Guatemala. Mr. Aguilar stated that he intended to transfer the land to his daughter when she reaches the age of eighteen. Mr. Aguilar also approved the deposit of J.J.A.R.'s settlement proceeds into the pooled trust managed by Legacy Enhancement so that those funds could be used for her health, education, maintenance and support until she reached eighteen (18). In summary, the Settlement Proposal is in the best interest of J.J.A.R. as it provides funds to be used for her benefit during her childhood, ensures that those funds will be safeguarded during that time and will provide for her benefit when she becomes an adult.

    **WHEREFORE**, premises considered, the Guardian ad Litem prays that this Report be entered into the Court's record and for any further relief to which he is justly entitled.

Respectfully submitted,

**FIRTH ♦ BUNN ♦ KERR ♦ NEILL**
311 Montana, Suite B
El Paso, Texas 79902
Phone: (915) 532.7500
Fax: (915) 532.7503
aneill@fbknlaw.com

BY: _____
    **ALEXANDER V. NEILL**
    Guardian Ad Litem
    State Bar No. 24041575

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will cause all parties or counsel of record to be served by electronic means.

_____
Alexander V. Neill