IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ARMANDO AGUILAR MORALES et al., § § § | |
| Plaintiffs, § § | |
| v. § § | CAUSE NO. EP-23-CV-247-KC |
| UNITED STATES OF AMERICA, § § § | |
| Defendant. § | |

## ORDER

On this day, the Court considered the above-captioned case. On May 22, 2024, the parties informed the Court that they reached an agreement to resolve this matter and are working to finalize settlement. Notice Settlement, ECF No. 28. In response, the Court appointed a guardian ad litem to represent minor J.J.A.R.'s interests and scheduled a hearing to assess the fairness of the proposed settlement as to Plaintiffs Armando Aguilar Morales and J.J.A.R.'s claims. May 23, 2024, Order 1, ECF No. 29; June 13, 2024, Order 2, ECF No. 31. However, because Plaintiffs Pedro Ramos Perez and Francisco Ramos Itzep's settlement agreement is separate from Aguilar Morales and J.J.A.R.'s settlement agreement, and does not require the Court's approval, the Court ordered the parties to "submit final closing papers on or before July 17, 2024," as to those claims. June 20, 2024, Order 1–2, ECF No. 33. That date passed, and the Court did not receive final closing papers.

On July 18, 2024, during the aforementioned settlement hearing, counsel for the parties informed the Court that after the Aguilar Morales-J.J.A.R. settlement agreement received the Court's approval, both that agreement and the Ramos Perez-Ramos Itzep settlement agreement would be submitted to the Department of Justice for final approval and distribution of funds.

Thus, the parties requested sixty days to obtain final approval of both settlement agreements and submit closing papers as to all four Plaintiffs. The Court granted the requested extension on the record.

Accordingly, unless the parties submit final closing papers **on or before September 16, 2024**, the Court will dismiss the case without costs and without prejudice to the rights of any party to move within thirty days thereafter to reopen if settlement has not, in fact, been consummated.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 13, is **DENIED** as moot without prejudice to refiling if the settlement agreements do not receive final approval.

**SO ORDERED**.

SIGNED this 18th day of July, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE